UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Michael Lorain,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.:1:16-cv-503 |
| | ) |
| **MiraMed Revenue Group, LLC,** | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendants transacts business in this Judicial District.

## Parties

10. The Plaintiff, Michael Lorain, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, MiraMed Revenue Group, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 991 Oak Creek Dr., Lombard, IL 60148.

14. The Defendant, MiraMed Revenue Group, LLC, is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On November 25, 2015, the Defendant sent the Plaintiff a dunning letter in an attempt to collect multiple medical debts to St. Francis Hospital & Health Centers. *See Exhibit "2" attached hereto*.

27. The November 25, 2015, dunning letter provided the required 30-day validation notice pursuant to 15 U.S.C. § 1692g, and stated that said noticed applied to "each account individually". *See Exhibit "2" attached hereto*.

28. The November 25, 2015, dunning letter instructs the reader to "SEE REVERSE SIDE FOR IMPORTANT INFORMATION". The Defendant lists the accounts it is attempting to collect on the reverse side of the letter. One such account xxxxx0210, Date of Service 04-08-15, with a "Balance Due" of $879.00. *See Exhibit "2" attached hereto*.

29. On December 14, 2015, the Defendant sent the Plaintiff another dunning letter in an attempt to collect account xxxxx0210. This letter was sent within the 30-day validation period. *See Exhibit "2" attached hereto.*

30. The December 14, 2015, dunning letter states that it is an attempt to collect a debt, and threatens the Plaintiff with reporting said debt to the Plaintiff's credit report. *See Exhibit "2" attached hereto*.

31. By threatening to report the alleged debt to the Plaintiff's credit report shortly after sending her the required validation notice, the Defendant overshadowed said notice, in violation of the FDCPA. *See* Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222 (9th Cir. 1988); Wells v. Thomas McDonough, 1999 U.S. Dist. LEXIS 15535 (N.D. Ill. Sept. 29, 1999); Creighton v. Emporia Credit Serv., Inc., 981 F.Supp. 411 (E.D. Va. 1997)(threat was also false representation of urgency where collector's policy was not to report debt to credit reporting agency for sixty days); Peters v. Collection Tech. Inc., 1991 U.S. Dist. LEXIS 21810 (D. Or. Dec. 5, 1991);

32. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 32 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated the FDCPA pursuant to 15 U.S.C. § 1692g, by sending a collection letter within the 30-day validation period that threatened the Plaintiff with credit reporting.

3. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com